MATTER OF M—

In DEPORTATION Proceedings

A-10594987

*Decided by Board August 5, 1960*

Adjustment of status—Section 245 of 1952 act—Board lacks jurisdiction to review Regional Commissioner's action.

Jurisdiction delegated to the Board of Immigration Appeals under 8 CFR 3.1(b) does not include authority to review Regional Commissioner's denial of application for adjustment of status under section 245 of the 1952 Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—nonimmigrant.

## BEFORE THE BOARD

DISCUSSION: The case comes forward on appeal from the order of the special inquiry officer dated March 24, 1960, finding the alien subject to deportation on the charge stated in the order to show cause and directing that he be granted the privilege of voluntary departure in lieu of deportation with the further order that if the alien fails to so depart, the voluntary departure privilege be withdrawn and he be deported.

The facts of the case are fully set forth in the decision of the special inquiry officer. Briefly, the record relates to a native of Poland, a citizen of Argentina, 38 years old, male, who last entered the United States at the port of Miami, Florida, on October 21, 1956, and was admitted as a nonimmigrant visitor for pleasure. An application for adjustment of status to that of a permanent resident pursuant to section 245 of the Immigration and Nationality Act was filed on December 13, 1956, was denied by the District Director, New York District, on August 13, 1959, and the denial was affirmed on appeal to the Regional Commissioner on November 20, 1959. The respondent was notified of the final decision on December 3, 1959, and advised that he was required to depart from the United States on or before January 3, 1960. No further extension of stay was authorized but the respondent has nevertheless continued to reside in this country. Thereafter, deportation proceedings were instituted. The evidence sustains the charge in the order to show cause.

11

Counsel's contentions were raised below and are raised again in connection with the appeal. Counsel contends that the respondent was denied due process of law in the hearing which resulted in a denial of his petition for adjustment of status under section 245 of the Immigration and Nationality Act and that this Board has authority to review the propriety of and basis for the issuance of the warrant of arrest or order to show cause which followed the denial of the application under section 245 and the failure of the respondent to depart within the time authorized. Counsel asserts that a failure of due process is always reviewable and that this Board has authority to so review under the regulations.

The regulations defining the Board's appellate jurisdiction are contained in 8 CFR 3.1(b). An examination of the seven subparagraphs under 8 CFR 3.1(b) reveals that they do not include appeals from denials of applications for adjustment of status under section 245 of the Immigration and Nationality Act. Indeed, the regulations relating to adjustment of status, 8 CFR, Part 245, specifically state that if the application for adjustment of status is denied, the applicant shall be notified of the reasons thereof and of his right to appeal in accordance with the provisions of Part 103. Section 103.1(e), Title 8, CFR, reserves to the respective Regional Commissioner all appellate jurisdiction specified in the chapter not reserved to the Board of Immigration Appeals or to District Directors outside the United States.

Counsel argues that under 8 CFR 3.1(d), which describes the powers of the Board, there exists authority to consider his collateral attack upon the Regional Commissioner's denial of the application for adjustment of status under section 245. 8 CFR 3.1(d) provides as follows:

. . . *Subject to any specific limitation prescribed by this chapter*, in considering and determining cases before it as provided in this part the Board shall exercise such discretion and authority conferred upon the Attorney General by law as is appropriate and necessary for the disposition of the case . . . (Emphasis supplied.)

It is believed that the emphasized specific limitations described, as to appellate jurisdiction in 8 CFR 245.1, disposes of the argument raised by counsel. A similar issue involving the provisions of 8 CFR 212.7(a) was under consideration in *Mater of DeG— et al.,* 8—325. The question presented there was the authority of the Board to grant a waiver in the light of the provisions of 8 CFR 212.7(a), which require that an application be made with the Service in accordance with established procedures. The Attorney General held that the Board's delegated authority, which is as broad as the Attorney General's in the areas which are under its jurisdiction, is at the same time subject to specific limitations and falls short

of the authority attempted to be exercised. The limits of the Board's jurisdiction are described in 8 CFR 3.1(b). However, decisions involving an application for exercise of the discretion and authority contained in sections 5 and 7 of the Act of September 11, 1957 (and also involving applications for adjustment of status under section 245 of the 1952 Act), are not among the decisions there listed to which its appellate jurisdiction extends. It was accordingly held that jurisdiction of the Board was not established and must, therefore, be said to reside in the Commissioner pursuant to the delegation made by 8 CFR 2.1 (and in the instant case, to the Regional Commissioner as provided by the then 8 CFR 2.1). The Attorney General acknowledged that it was true, as urged, that the Board's powers embraced "the exercise of such discretion and authority as is appropriate and necessary for the disposition of the case," but held that these powers were subject to the limitations prescribed by the regulations and were confined to the jurisdiction in which the Board is authorized to operate.

The decision of the Attorney General in *Matter of DeG—, supra,* is equally applicable to and dispositive of the argument advanced by counsel in regard to the proceedings under section 245 of the Immigration and Nationality Act. A collateral attack thereon cannot be entertained in these expulsion proceedings.[1] Upon a review of the record of the deportation proceedings over which we have appellate jurisdiction, the evidence sustains the finding of deportability. The grant of the discretionary relief of voluntary departure appears to be appropriate.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] This is not to say that counsel is not free to raise his objection of lack of due process or any other ground in an appropriate court proceeding. *Angelis* v. *Bouchard*, 181 F. Supp. 551 (D.C. N.J., 1960).